**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                 CR No. 21-MJ-719 CG

RUDY GAVALDON,

    Defendant.

## **ORDER DENYING MOTION TO RECONSIDER**

**THIS MATTER** is before the Court on Defendant Rudy Gavaldon's *Opposed Motion to Reconsider Order of Detention* (the "Motion"), (Doc. 15), filed June 14, 2021; and the United States' *Response to Defendant's Motion to Reconsider Order of Detention*, (Doc. 17), filed June 21, 2021. In the Motion, Defendant requests the Court reconsider its *Order of Detention Pending Trial*, (Doc. 14), and specifically that the Court "consider [Defendant's] father-in-law . . . as a suitable [thi]rd [p]arty [c]ustodian." (Doc. 15 at 1). In its opposition, the United States contends that Defendant's proposal of his father-in-law as a third-party custodian "does not ameliorate the fundamental risks of releasing the defendant pending trial." (Doc. 17 at 4).

The Bail Reform Act permits the Court to detain a defendant pending trial only after a hearing, and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In determining whether any conditions exist that would assure the defendant's appearance at trial and the safety of the community, the Court considers several factors, including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the

defendant; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. *See* 18 U.S.C. § 3142(g).

Here, first, the weight of the evidence against Defendant is strong. Border patrol agents pulled Defendant over and "discovered that he was transporting four noncitizens." (Doc. 17 at 3). Defendant then waived his *Miranda* rights and admitted "to having agreed with a smuggler to pick up the four noncitizens . . . in exchange for money." *Id.* Factors two and four favor detention, as well. After Defendant was pulled over, he allegedly released "the four noncitizens" from his car, allowing them to flee, and then he sped away at "approximately 100 miles per hour" before surrendering. *Id.* These actions demonstrate Defendant's flight risk and danger.

Moreover, Defendant's history and characteristics weigh in favor of detention. Defendant's criminal history includes two convictions for aggravated robbery, which, under the law where these crimes were committed, required Defendant to have either caused serious bodily injury, used or exhibited a deadly weapon, or caused or threatened to cause bodily injury to a person 65 years of age or older. *Id.* at 4 (citing Texas Penal Code Ann. §§ 29.02, 29.03 (West 1994)). As such, the Court finds that no conditions, including releasing Defendant to the custody of his father-in-law, will reasonably assure Defendant's appearance or the safety of the community. Therefore, the Court will deny the Motion.

**IT IS THEREFORE ORDERED** that Defendant's *Opposed Motion to Reconsider Order of Detention*, (Doc. 15), is **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE